******************************************************

The "officially released" date that appears near the beginning of each opinion is the date the opinion will be published in the Connecticut Law Journal or the date it was released as a slip opinion. The operative date for the beginning of all time periods for filing postopinion motions and petitions for certification is the "officially released" date appearing in the opinion. In no event will any such motions be accepted before the "officially released" date.

All opinions are subject to modification and technical correction prior to official publication in the Connecticut Reports and Connecticut Appellate Reports. In the event of discrepancies between the electronic version of an opinion and the print version appearing in the Connecticut Law Journal and subsequently in the Connecticut Reports or Connecticut Appellate Reports, the latest print version is to be considered authoritative.

The syllabus and procedural history accompanying the opinion as it appears on the Commission on Official Legal Publications Electronic Bulletin Board Service and in the Connecticut Law Journal and bound volumes of official reports are copyrighted by the Secretary of the State, State of Connecticut, and may not be reproduced and distributed without the express written permission of the Commission on Official Legal Publications, Judicial Branch, State of Connecticut.

******************************************************

TERRELL STATON *v.* COMMISSIONER OF
CORRECTION
(SC 19309)

Rogers, C. J., and Palmer, Zarella, Eveleigh, McDonald, Espinosa and
Robinson, Js.

*Argued September 9—officially released October 6, 2015*

*Deren Manasevit*, assigned counsel, for the appellant (petitioner).

*Nancy L. Chupak*, senior assistant state's attorney, with whom, on the brief, were *Stephen J. Sedensky III*, state's attorney, and *Angela Macchiarulo*, senior assistant state's attorney, for the appellee (respondent).

*Opinion*

PER CURIAM. This case raises the question of whether counsel delivered ineffective assistance by failing to request a continuance or obtain a capias to secure the testimony of a witness. The petitioner, Terrell Staton, appeals from the judgment of the Appellate Court dismissing his appeal from the habeas court's denial of his petition for writ of habeas corpus.[1] *Staton* v. *Commissioner of Correction*, 148 Conn. App. 427, 435, 84 A.3d 947 (2014). The petitioner claims that his trial counsel, Jennifer Tunnard, rendered ineffective assistance at his criminal trial because she chose not to pursue questioning of a potential exculpatory witness, Warren Battle. We disagree and, accordingly, affirm the judgment of the Appellate Court.

The following facts and procedural background are relevant to this appeal. The petitioner was convicted of reckless endangerment in the second degree in violation of General Statutes § 53a-64, interfering with a police officer in violation of General Statutes § 53a-167a, operating an unregistered vehicle in violation of General Statutes § 14-12 (a), improper use of a marker in violation of General Statutes § 14-147 (c), and failing to obey a traffic signal in violation of General Statutes § 14-301. Id., 429. In his habeas petition, the petitioner claimed that Tunnard had rendered ineffective assistance by, inter alia, failing to request a continuance or to obtain a capias to secure the testimony of Battle, who would have testified that he, instead of the petitioner, was the driver of the car involved in the incident. Id. At the habeas trial, the court heard testimony from the petitioner, Tunnard, Battle, and Officer Michael Pederson of the Danbury Police Department, who initially observed and followed the petitioner after the events in question. Id., 433–34. Subsequently, the court denied the petition, concluding that Tunnard's decision to do without Battle's testimony was reasonable and that the petitioner had not been prejudiced by the lack of Battle's testimony at the criminal trial. Id., 430.

On appeal, the Appellate Court concluded that substantial evidence supported the habeas court's conclusion that the petitioner had failed to establish the prejudice prong for ineffective assistance of counsel under the test enunciated in *Strickland* v. *Washington*, 466 U.S. 668, 687, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984). *Staton* v. *Commissioner of Correction*, supra, 148 Conn. App. 433. The Appellate Court stated that, as the sole arbiter of the credibility of witnesses, the habeas court could have found that Battle's inconsistent testimony and lack of recall would not have changed the outcome of the proceeding in light of Pederson's testimony. Id., 433–34. Consequently, the Appellate Court dismissed the petitioner's appeal. Id., 435.

Thereafter, this court granted certification to appeal,

limited to the following issue: "Did the Appellate Court properly dismiss the petitioner's habeas appeal on the ground that he had failed to satisfy the prejudice prong of *Strickland* v. *Washington*, [supra, 466 U.S. 687]?" *Staton* v. *Commissioner of Correction*, 311 Conn. 942, 89 A.3d 352 (2014). "Our examination of the record and briefs and our consideration of the arguments of the parties persuade us that the judgment of the Appellate Court should be affirmed. Because the Appellate Court's well reasoned opinion fully addresses the certified issue, it would serve no purpose for us to repeat the discussion contained therein. We therefore adopt the Appellate Court's opinion as the proper statement of the issue and the applicable law concerning that issue." *Recall Total Information Management, Inc.* v. *Federal Ins. Co.*, 317 Conn. 46, 51, 115 A.3d 458 (2015).

The judgment of the Appellate Court is affirmed.

[1] The habeas court also denied the petitioner's request for certification to appeal.